### KING and others *v.* OHIO & M. R. Co. and others.

*(Circuit Court, D. Indiana.* November 10, 1885.)

NEGLIGENCE—INJURY TO VESSEL PASSING THROUGH DRAW—PROXIMATE CAUSE.
  Former opinion, 24 Fed. Rep. 335, adhered to on rehearing.

Motion for Rehearing.

*Ferd Winter*, for petitioner.

*Harrison, Miller & Elam*, for receivers.

WOODS, J. For statement of case see original opinion, 24 Fed. Rep. 335.

The motion for rehearing is predicated mainly on the proposition that the failure to open the draw of the bridge was not the proximate cause of the injury. It is insisted that that cause was the breaking of the boat's chain. That this was the direct and immediate cause there can be no doubt, and unless that breaking was attributable, proximately, to the negligence or fault of the respondent the motion ought to be granted. It was held on the former hearing that the managers of the boat were not bound to anticipate the breaking of the chain, and it is now insisted that the keeper of the bridge likewise had a right to suppose that the boat's machinery was in good condition, and sufficient to carry the boat safely to the Illinois shore. This argument tends to deny the negligence, rather than to show that it was not the proximate cause of the injury. It seems to me, however, to be fallacious in assuming that the conduct of the bridge-keeper and that of the managers of the boat must be viewed from the same stand-point, and that each was in this respect entitled to act on the same presumptions. It will not do to say that the latter had a right, either purposely or negligently, to keep the draw closed, on the supposition that the boat

was staunch and manageable, and could be safely taken out of the danger to which his act was exposing it. He had no right to try, or negligently to force others to try, such experiments. He knew, or ought to have known, that the boat was approaching in the reasonable expectation that the draw would be opened seasonably; and that a sudden and unexpected necessity for turning the boat about would involve (needlessly) a severe and perhaps unwonted strain upon the boat's machinery. It was, of course, an act of negligence, under the circumstances, to subject the boat to such a test of its powers, and the disastrous result was so plainly a natural consequence that the negligent party ought to have anticipated it, and therefore, under the doctrine of any of the various cases cited in argument, is responsible for the damages. No new and independent cause intervened, which, in itself, caused the injury.

Motion overruled, and matter referred to master to assess damages.